# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff*, ) | CASE NO.: 5:21-cr-259 |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| RONALD DIPIETRO, ) | (REQUEST FOR ORAL ARGUMENT) |
| ) | |
| *Defendant.* ) | |

## DEFENDANT RONALD DIPIETRO'S MOTION TO DIMISS COUNT 8 OF THE THIRD SUPERSECEDING INDICTMENT

Now comes, Ronald DiPietro ("Mr. DiPietro"), by and through his undersigned counsel, and respectfully moves this Court to dismiss Count 8, Evasion of Payment under 26 U.S.C. § 7201, of the Third Superseding Indictment (Doc. No. 152) returned against him on information and belief that Count 8 was brought after the expiration of the applicable six-year statute of limitations of 26 U.S.C. § 7201. *See* 26 U.S.C. § 6531(2). Therefore, pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v), Count 8 fails to state an offense and must be dismissed with prejudice. A brief in support of this motion follows.

/s/ *Robert J. Fedor*
**ROBERT J. FEDOR, ESQ., LLC**
Robert J. Fedor (OH #0042653)
Benjamin C. Heidinger (OH #0089379)
23550 Center Ridge Road, Suite 107
Westlake, Ohio 44145
Tel: (440) 250-9709
Fax: (440) 250-9714
rjfedor@fedortax.com
bcheidinger@fedortax.com
*Attorneys for Defendant Ronald DiPietro*

## **BRIEF IN SUPPORT**

### INTRODUCTION

On June 23, 2022, in a Second Superseding Indictment, Mr. DiPietro was charged in Count 8 with Evasion of Payment, in violation of 26 U.S.C. § 7201. (Doc. No. 87) Later, on June 29, 2023, in a Third Superseding Indictment, Mr. DiPietro was again charged in Count 8 with the same violation of 26 U.S.C. § 7201. (Doc. No. 152). Based upon the allegations in the Indictment, undisputed facts, and the case law cited below, Mr. DiPietro moves to dismiss with prejudice Count 8, Evasion of Payment under 26 U.S.C. § 7201, in the Third Superseding Indictment pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v), on the grounds that Count 8 fails because it was brought after the expiration of the six-year statute of limitations applicable to 26 U.S.C. § 7201. *See* 26 U.S.C. § 6531(2).

### FACTS

Mr. DiPietro is an owner/operator of an accounting firm and a certified public accountant (CPA). (Doc. No. 152, ¶ 6.B) The Indictment states that one of Mr. DiPietro's co-defendants, Christos Karasarides, Jr. ("Mr. Karasarides"), did not pay his taxes due and owing the IRS for the years 2009-2014 and did not pay the additional income taxes that were assessed by the IRS after an audit of his 2009 and 2010 tax returns. (Doc. No. 152, ¶¶ 5.A., 39, 40, 43)

The IRS initiated collection efforts against Christos Karasarides on or about February 23, 2013. (Doc. No. 152, ¶ 41) Mr. DiPietro held an IRS Power of Attorney and represented Mr. Karasarides administratively before the IRS relating to collection matters from the period June 2013 until November 17, 2015, when his representation was terminated. (Exhibit A, Pg. 42); (Doc. No. 152, ¶¶ 49, 51)

Initially, an Indictment against Mr. DiPietro and three (3) other defendants was returned on April 15, 2021. (Doc. No. 3) The other three (3) defendants named in the Indictment did not include Mr. Karasarides. (*Id.*) In the initial Indictment, Mr. DiPietro was only charged with two (2) counts of Aiding and Assisting in the Preparation and Presentation of False and Fraudulent Income Tax Returns under 26 U.S.C. § 7206(2). (*Id.*)

The Second Superseding Indictment was returned on June 23, 2022, and the Third Superseding Indictment was returned on June 29, 2023. (Doc. Nos. 87, 152) The Second and Third Superseding Indictments included additional defendants and returned additional charges against Mr. DiPietro. (*Id.*) Additional charges under 26 U.S.C. § 7206(2) were included, as well as different charges consisting of one (1) count of Conspiracy to Defraud the United States, 18 U.S.C. § 371, one (1) count of Operation of an Illegal Gambling Business, 18 U.S.C. § 1955, and one (1) count of Evasion of Payment, 26 U.S.C. § 7201. (Doc. Nos. 87, 152).

One of the defendants added in the Second Superseding Indictment was Mr. Karasarides, who did not pay his taxes due and owing for the tax years 2009-2014 and did not pay the additional income tax that was assessed by the IRS after an audit of his 2009 and 2010 returns. (Doc. No. 152, ¶¶ 5.A., 38, 39, 40, 43) Mr. Karasarides was charged in the Second and Third Superseding Indictments with Evasion of Payment, 26 U.S.C. § 7201, relating specifically to this tax debt. (Doc. Nos. 87, Count 7; 153, Count 7)

Essentially, in this case, Mr. DiPietro is charged with evading payment of Mr. Karasarides' several years of accumulated tax debt. (Doc. No. 152, ¶ 38) Ultimately, Mr. Karasarides did not pay the tax debt which continues to accrue penalties and interest. And even though Mr. DiPietro represented Mr. Karasarides before the IRS in collection matters until November 17, 2015,

certainly Mr. DiPietro could not force his then client to make payments to the IRS. (Exhibit A, Pg. 42); (Doc. No. 152, ¶¶ 49, 51)

**COUNT 8 OF THE THIRD SUPERSEDING INDICTMENT MUST FAIL BECAUSE ALL ALLEGED AFFIRMATIVE ACTS RELATING TO ANY EVASION OF PAYMENT ARE BEYOND THE STATUTE OF LIMITATIONS; THUS, ANY ALLEGED EVASION OF PAYMENT IS OUTSIDE THE STATUTE OF LIMITATIONS.**

<u>LAW AND ARGUMENT</u>

A. <u>Legal Standard</u>

Federal Rule of Criminal Procedure 12(b)(3) states that certain defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits. *See* Fed. R. Crim. P. 12(b)(3). Under Fed. R. Crim. P. 12(b)(3)(B)(v), a motion to dismiss that asserts a failure to state an offense is a defense that must be raised by pretrial motion. *See* Fed. R. Crim. P. 12(b)(3). Ordinarily, a pretrial motion can be resolved if it raises "questions of law rather than fact." *United States v. Jones*, 542 F.2d 661, 664, (6th Cir. 1976).

When reviewing a pre-trial motion to dismiss, the court will accept the facts alleged in the indictment as true. *See Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 n.16. Additionally, the court is generally bound to consider only the evidence within the indictment. *See Winslow v. United States*, 216 F.2d 912, 913 (9th Cir. 1954). Arguments directed at the merits of the offenses must be left for trial; however, "… a district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motion so long as the court's findings on the motion do not invade the province of the ultimate finder of fact." *United States v. Jones*, 542 F.2d at 664.

**B. <u>Count 8 Was Charged After the Statute of Limitations Had Expired</u>**

Here, Mr. DiPietro moves this Honorable Court to read Count 8 with a practical sense enriched by necessary implications. Furthermore, when utilizing the facts in the allegations, the facts that are necessarily implied, and the necessary preliminary findings of facts that do not intrude on the merits of the offense, this Honorable Court must recognize that November 17, 2015 is the last possible date Mr. DiPietro could exercise an affirmative act in furtherance of any alleged evasion of payment. (Exhibit A, Pg. 42); (Doc. No. 152, ¶¶ 49, 51)

Taking the facts in the indictment as true, the Third Superseding Indictment states that as of November 17, 2015, Mr. DiPietro did not hold a power of attorney, was not a representative before the IRS for Mr. Karasarides, and had no agency whatsoever in the matter. (Exhibit A, Pg. 42); (Doc. No. 152, ¶¶ 49, 51)

Count 8 of the Third Superseding Indictment charges Mr. DiPietro with a violation of 26 U.S.C. § 7201. (Doc. No. 152) Section 7201 is an attempt to evade or defeat a tax, and states that: "[a]ny person who willfully attempts in any manner to evade of defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony …." 26 U.S.C. § 7201. Section § 7201 is the pinnacle of all criminal tax offenses and harsh penalties apply. It is a very serious offense, and thus, truly demands care to protect the constitutional rights of the accused as well as the integrity of the law.

Section 6531 of the Internal Revenue Code sets forth the period of limitation on criminal prosecutions for the various offenses arising under the internal revenue laws. Pursuant to 26 U.S.C. § 6531(2), a limitation period of six (6) years applies to Section 7201. *See* 26 U.S.C. § 6531(2); *see also United States v. Habig*, 390 U.S. 222, 223 (1968).

5

Mr. DiPietro is charged with one (1) count of evasion of payment under 26 U.S.C. § 7201. (Doc. No.152, Count 8) Specifically, Mr. Karasarides incurred a large tax debt for the years 2009-2014, which he did not pay. (Doc. No. 152, ¶ 38) The IRS initiated collection efforts against Mr. Karasarides on or about February 23, 2013. (Doc. No. 152, ¶ 41) Mr. DiPietro held an IRS Power of Attorney and represented Mr. Karasarides administratively before the IRS during its collection efforts from June 2013 until November 17, 2015, at which point his representation and Power of Attorney was terminated.  After that date,  Mr. DiPietro had no agency or authority from the client; nor was he authorized to speak with the IRS on behalf of Mr. Karasarides regarding his taxes. (Exhibit A, Pg. 42); (Doc. No. 152, ¶¶ 49, 51)

The Second Superseding Indictment dated June 23, 2022, and the Third Superseding Indictment, dated June 29, 2023, charged Mr. DiPietro with Evasion of Payment under 26 U.S.C. § 7201. (Doc. Nos. 87, Count 8; 152, Count 8) The statute of limitations under 26 U.S.C. § 7201 is six (6) years. *See* 26 U.S.C. § 6531(2). Mr. DiPietro's power of attorney and his ability to act in a representative capacity on behalf of Mr. Karasarides ended on November 17, 2015. (Exhibit A, Pg. 42); (Doc. No. 152, ¶¶ 49, 51) Accordingly, the statute of limitation expired on November 17, 2021. The charge in Count 8, of the Second Superseding Indictment, was returned approximately seven (7) months beyond the allowable six (6) year statute of limitations under 26 U.S.C. § 7201 and 26 U.S.C. § 6531(2). *See* 26 U.S.C. § 6531(2); *Habig*, 390 U.S. at 223.

Accordingly, Mr. DiPietro respectfully moves this Honorable Court to dismiss, with prejudice, Count 8, Evasion of Payment under 26 U.S.C. § 7201, in the Third Superseding Indictment pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v), on the grounds that Count 8 must fail because it falls outside the statute of limitations applicable to 26 U.S.C. § 7201. *See* 26 U.S.C. § 6531(2); (Doc. Nos. 87;152).

6

### C. Alleged Affirmative Acts do not Extend the Statute of Limitations

The government may argue that even though part of the alleged conduct falls outside of the limitations period, all the conduct should be considered because it is part of a larger pattern constituting a single continuing scheme; thus, the statute of limitations on the conduct outside the applicable period began to run on the date of the last affirmative act in furtherance of evasion of payment. Mr. DiPietro submits that no conduct after November 17, 2015, could possibly be construed as an affirmative act of evasion payment because any alleged conduct after November 17, 2015, was: (1) not an affirmative act; or (2) was not an affirmative act in furtherance of or in relation to the alleged evasion of payment.

In *United States v. Dandy*, the Sixth Circuit decided, in an *evasion of assessment* case, that the statute of limitations period begins to run at the last affirmative act of evasion in furtherance of the crime. *See United States v. Dandy*, 998 F.2d 1344, 1355-56 (6th Cir. 1993) (holding that date of last affirmative act of evasion controls statute of limitations for defendant convicted of 26 U.S.C. § 7201 evading assessment), *as amended* (Aug. 11, 1993), *cert. denied*, 510 U.S. 1163 (1994); *see also, United States v. Edkins*, 421 F.App'x 511 (6th Cir. 2010) (finding where defendant evaded assessment, last affirmative act of evasion within the limitations period started limitations period for affirmative acts beyond limitations period). In *Dandy*, the defendant hid income payments to avoid assessment of income tax that included years inside and years outside of the six (6) year statute of limitations. *See Dandy*, 998 F.2d at 1355. Evasion of Assessment generally involves attempts to prevent the government from determining a taxpayer's true tax liability. *See United States v. Mal*, 942F.2d 682, 687 (9th Cir. 1991).

The present case is distinguishable from *Dandy* because "the last affirmative act" was related to evasion of assessment charges; where the defendant hid income to avoid an income tax

7

assessment over the span of many years. The present case involves Mr. Karasarides' assessed (or already billed) taxes which were due and owing, but that were not paid by Mr. Karasarides (the "IRS balance due" at issue here). Mr. DiPietro had no agency or POA/Client relationship whatsoever after November 15, 2015, regarding this IRS balance due, but nevertheless, the government may claim that Mr. DiPietro's last affirmative act pertaining to evasion of this payment was on or about April 17, 2017. (Doc. No. 152, ¶ 61.M.)

Evasion of Payment "generally involves conduct designed to place assets beyond the government's reach after a tax liability has been assessed". *United States v Mal*, 942, F.2d 682, 687 (9th Cir. 1991). Mr. DiPietro submits that November 17, 2015, is the last possible date that any affirmative act in furtherance of an evasion of payment could have occurred because this is the date that the IRS Power of Attorney was terminated and that terminated his capacity to represent Mr. Karasarides in matters before the IRS. (Exhibit A, Pg. 42); (Doc. No. 152, ¶¶ 49, 51)

As further developed below, Mr. DiPietro contends that: (1) allegedly filing false tax returns is not an affirmative act; and (2) allegedly filing false tax returns is not an affirmative act in furtherance or related to any evasion of payment.

### (1) *Filing Alleged False Tax Returns is Not an Affirmative Act*

Mr. DiPietro strongly contends that the filing of allegedly false tax returns does not constitute an affirmative act in furtherance of any evasion of payment because the preparation and filing of tax returns has absolutely nothing whatsoever to do with the payment of Mr. Karasarides' tax debt. A tax return does not provide the IRS with a description of what assets are available to collect from, nor does it show equity in any assets. A tax return simply provides the IRS with an income statement which evidences taxable income and the corresponding tax amount due for a particular year. It is not a balance sheet, which would be a disclosure of a taxpayer's assets and

liabilities from which the IRS could collect from. Furthermore, a tax return is generally filed between four (4) and ten (10) months following the last day of the previous tax year. Perhaps fundamental principles of justice suggest an evasion of payment charge solely against Mr. Karasarides; the person who accumulated the tax debt and did not pay (which was also charged herein).

### (2) *Filing Alleged False Tax Returns is Not an Affirmative Act in Furtherance of Or Related to The Alleged Evasion of Payment*

Several years of tax evasion may be charged in a single count where the "long-term pattern of conduct directed at the evasion of taxes for those years." *United States v. Shorter*, 809 F.2d 54, 56 (U.S. App. D.C. 1987). Here, Mr. DiPietro submits that any alleged filing of false tax returns is not an affirmative act related to Mr. Karasarides' accumulated tax debt. They are separate and distinct actions. Any affirmative act in relation to Mr. DiPietro's IRS representation of Mr. Karasarides ended on November 17, 2015, when Mr. DiPietro's capacity as a representative of Mr. Karasarides was terminated. Because the filing of alleged false tax returns is not related to Mr. Karasarides accumulated and unpaid tax debt, the charge in Count 8 necessarily falls outside of the statute of limitations period and therefore, Count 8 must be dismissed. *See United States v. Weisberg*, 2005 U.S. Dist. LEXIS 46540 (finding that the course of conduct must relate to the payment due).

## CONCLUSION

WHEREFORE, Mr. DiPietro respectfully request that this Honorable Court to dismiss, with prejudice, Count 8, Evasion of Payment under 26 U.S.C. § 7201, in the Third Superseding Indictment, pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v), on the grounds that Count 8 must fail because it does not fall within the statute of limitations applicable to 26 U.S.C. § 7201. *See* 26

9

U.S.C. § 6531(2); (Doc. Nos. 87;152) Mr. DiPietro also requests a hearing on this Motion, if necessary, at the Court's convenience.

        Respectfully submitted,

        */s/ Robert J. Fedor*
        ROBERT J. FEDOR, ESQ., LLC
        Robert J. Fedor (#0042653)
        Benjamin C. Heidinger (#0089379)
        23550 Center Ridge Road, Suite 107
        Westlake, Ohio 44145
        Tel: (440) 250-9709
        Fax: (440) 250-9714
        rjfedor@fedortax.com
        bcheidinger@fedortax.com
        *Attorneys for Defendant*
        *Ronald DiPietro*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Defendant Ronald DiPietro's Motion to Dismiss Count 8 of the Third Superseding Indictment* was filed by ECF, this 8th day of December 2023. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and parties may access this filing through the Court's system.

                                                    */s/ Robert J. Fedor*
                                                    ROBERT J. FEDOR, ESQ., LLC
                                                    Robert J. Fedor (#0042653)
                                                    Benjamin C. Heidinger (#0089379)