# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff*, ) | CASE NO.: 5:21-cr-259 |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| RONALD DIPIETRO, ) | (REQUEST FOR ORAL ARGUMENT) |
| ) | |
| *Defendant*. ) | |

## DEFENDANT RONALD DIPIETRO'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS COUNT 8 OF THE THIRD SUPERSECEDING INDICTMENT

Now comes Ronald DiPietro ("Mr. DiPietro"), by and through his undersigned counsel, and hereby submits his reply to the Government's *Response in Opposition to Defendant DiPietro's Motion to Dismiss Count Eight of the Third Superseding Indictment* (Doc. No. 204).

### BACKGROUND

On June 23, 2022, Mr. DiPietro was charged for the first time, in the Second Superseding Indictment, with evasion of payment related to Christo Karasarides Jr.'s ("Mr. Karasarides") outstanding tax liabilities, in violation of 26 U.S.C. .§ 7201. (Doc. No. 87) On December 8, 2023, Mr. DiPietro filed his motion to dismiss Count 8 of the Third Superseding Indictment on the grounds that the statute of limitations had expired before this charge was brought on June 23, 2022. (Doc. No. 200). On December 21, 2023, the Government filed its response in opposition to Mr. DiPietro's motion to dismiss Count 8. (Doc. No. 204)

### ARGUMENT

In its response in opposition to Mr. DiPietro's motion to dismiss Count 8, the Government wrongly asserts that Mr. DiPietro "argues that they cannot be affirmative acts of evasion at all

because he was not Karasarides' power of attorney before the IRS for the collection case after November 17, 2015." (Doc. No. 204) This is a severe oversimplification and misstatement of the arguments made in Mr. DiPietro's motion to dismiss. First, Mr. DiPietro asserts that he had no authority, after the power of attorney was terminated on November 17, 2015, to have **_any_** communications with the IRS, or otherwise act, on behalf of Mr. Karasarides. Moreover, Mr. Karasarides, after November 17, 2015, retained an attorney (identified as "Individual A" in the Indictments) to represent him before the IRS. After that date, Mr. DiPietro never represented Mr. Karasarides again. The Indictment (and all superseding indictments) fails to assert that Mr. DiPietro had any communications with Individual A regarding Mr. Karasarides' assets or income in his preparation of the financial statements that Mr. Karasarides ultimately submitted to the IRS. Furthermore, the Indictments also fail to mention that Individual A's law partners were actively assisting Mr. Karasarides to evade the payment of tax by transfering assets out of his name and also committing money laundering offenses. In short, Mr. DiPietro took no action on behalf of Mr. Karasarides before the IRS after November 17, 2015.

Additionally, the Government's response in opposition cites *Spies v. United States* for the purpose of providing examples of affirmative acts of evasion which include "keeping a double set of books, making false entries or alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, and handling of one's affairs to avoid making the records usual in transaction of the kind." 317 U.S. 492, 499 (1943). Based upon these examples, the Government asserts that Mr. DiPietro's failure to include income from Skilled Shamrock on the income tax returns deprived the IRS from determining the source of his income and assets that Mr. Karasarides could have utilized to satisfy his outstanding tax liabilities. However, very little of a tax return discloses the actual source of the income. The purpose of an

income tax return is to categorize income in a manner which allows for the calculation of the individual's tax liability. It is not a financial statement. Here, if Mr. Karasarides received self-employment income from Skilled Shamrock that was not reported to him in any manner (i.e., cash), that income would be reported to the IRS on either a Schedule C or on Line 21 – Other Income of the Form 1040, neither of which would provide the IRS any information related to the source of the income or that Mr. Karasarides may have had assets for the IRS to collect upon.

## CONCLUSION

WHEREFORE, Mr. DiPietro respectfully request that this Honorable Court dismiss, with prejudice, Count 8, Evasion of Payment under 26 U.S.C. § 7201, in the Third Superseding Indictment, pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v), on the grounds that Count 8 fails because it does not fall within the statute of limitations applicable to 26 U.S.C. § 7201. *See* 26 U.S.C. § 6531(2); (Doc. Nos. 87;152) Mr. DiPietro also requests a hearing on his Motion, if necessary, at the Court's convenience.

*/s/ Robert J. Fedor*
**ROBERT J. FEDOR, ESQ., LLC**
Robert J. Fedor (OH #0042653)
Benjamin C. Heidinger (OH #0089379)
23550 Center Ridge Road, Suite 107
Westlake, Ohio 44145
Tel: (440) 250-9709
Fax: (440) 250-9714
rjfedor@fedortax.com
bcheidinger@fedortax.com
*Attorneys for Defendant Ronald DiPietro*

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Defendant Ronald DiPietro's Reply to Government's Response in Opposition to Motion to Dismiss Count 8 of the Third Superseding Indictment* was filed by ECF, this 22nd day of December 2023. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and parties may access this filing through the Court's system.

                                                  */s/ Robert J. Fedor*
                                                  ROBERT J. FEDOR, ESQ., LLC
                                                  Robert J. Fedor (#0042653)
                                                  Benjamin C. Heidinger (#0089379)