UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.: 4:21 CR 259 |
| | ) | |
| vs. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| | ) | |
| RONALD DIPIETRO, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the Court on Defendant, Ronald DiPietro's Motion to Dismiss Count 8 of the Third Superceding Indictment. (ECF #200). The Government filed a Response in Opposition to the Motion, and the Defendant filed a Reply in support of his position. (ECF #204, 207, 216). The Defendant argues that the charge in Count 8, Evasion of Payment under 26 U.S.C. § 7201, is barred by the six-year statute of limitations, and should, therefore, be dismissed pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v). The motion is DENIED.

**FACTUAL BACKGROUND**[1]

The relevant parts of the Third Superceding Indictment allege the following:

Mr. DiPietro was a co-owner of an illegal gambling business involving slot machines, called the Skilled Shamrock. The Skilled Shamrock was opened in or about 2009 and remained open until July of 2018. From 2010 to July 18, 2018, Mr. DiPietro conspired with Christos Karasarides, Jr. and others to conduct, finance, manage, supervise, direct, and own the Skilled Shamrock in violation of state and federal laws. The conspiracy intended to operated the business, enrich the conspirators and remain concealed from law enforcement and others. The conspirators intentionally concealed the true owners of and income generated by the business. Mr. DiPietro also owned RNB Leasing, which purported to lease gaming machines to Skilled Shamrock and other illegal gambling businesses in order to conceal his and the other conspirator's ownership of Skilled Shamrock. Mr. DiPiertro conducted weekly cash audits of the cash-in and cash-out for each gaming machine at the Skilled Shamrock, split the profits among the owners. Mr. DiPietro knew of and communicated about the cash split of proceeds through at least December 10, 2017.

Mr. DiPietro also directed the keeping or records reflecting the results of those audits. From around 2009 to around 2018, Mr. DiPietro maintained a detailed spreadsheet of much cash he and his co-conspirators earned from Skilled Shamrock. He routinely destroyed or caused to be destroyed daily sales sheets and weekly audit records, as well as other business records to conceal the existence of the conspiracy from law enforcement and others.

Mr. DiPietro is a certified public accountant who owned and operated an accounting firm,

---

[1] The facts have been taken from the allegations in the indictment. These facts are accepted as true for purposes of this opinion only. They should not be construed as findings of the Court.

Sontina, Inc., d/b/a Ron & Associates.  He personally prepared, aided and assisted in the preparation of, and signed as the preparer of the U.S. Individual Income Tax Returns for Christos Karasarides which were filed between September 29, 2014 and April 17, 2017.  Mr. Karasarides attempted to negotiate a reduced payment in settlement of his back taxes arguing that he had insufficient funds to pay the IRS.  Income from the Skilled Shamrock and Mr. Karasarides other illegal gambling businesses were never disclosed to the IRS.  The IRS could have used proceeds from these illegal gambling businesses to collect on the past due taxes owed by Mr. Karasarides.

Mr. DiPietro aided Mr. Karasarids by helping him concealing his ownership in Skilled Shamrock, by operating Skilled Shamrock extensively in cash, by destroying records of profits and cash flow at Skilled Shamrock.  From 2013 to April 17, 2017, he filed false statements with the IRS which under represented Mr. Karasarides's income, assets, and ability to pay his tax debt.  (Third Superceding Indictment, ECF #152).

## **ANALYSIS**

A pre-trial motion to dismiss for failure to state an offense under Fed. R. Crim. P. 12(b)(3)(B)(v) may be resolved without trial if it raises a question of law rather than a question of fact.  *See, United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976).  In this case, the Defendant alleges that Count 8 of the Third Superceding Indictment does not state an offense because the statute of limitations bars its prosecution.  In determining whether this question can be resolved by pretrial motion, the Court must accept the facts alleged in the indictment as true.  *See, Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343, n. 16 (1952).

The parties agree that the relevant statute of limitations on Count 8, charging evasion of payment under 26 U.S.C. §7201, is six years.  26 U.S.C. §6531(2).  Generally, the six year period

of limitations begin to run from the later of the due date of the tax return or the last affirmative act constituting an attempt to evade. *See, e.g., United States v. Butler*, 297 F.3d 505, 511 (6th Cir. 2002). Mr. DiPiero was first charged with evasion of payment in the Second Superceding Indictment, which was filed on June 23, 2022. Therefore, the limitations period does not affect the charge so long as the indictment addresses a tax return due after June 23, 2016, or alleges affirmative acts of evasion occurring after that date.

In this case the charge of evasion asserts that Mr. DiPiero aided Mr. Karasarides in his efforts to evade payments to the IRS. Defendant's argument that he cannot be responsible for evading Mr. Karasarides' payment of taxes because he did not hold an IRS Power of Attorney for Mr. Karasarides after November 15, 2015 does not preclude his potential liability for affirmative acts he took to conceal Mr. Karasarides sources of income from the IRS. The offense of evasion includes "[a]ny conduct, the likely effect of which would be to mislead or conceal" in connection with the evasion of taxes. This includes conduct that aids in the evasion of another person's taxes. *See, United States v. Johnson*, 319 U.S. 503, 517-518 (1943); see also, *United States v. Huebner*, 48 F.3d 376, 377-80 (9th Cir. 1994).

Among other affirmative acts, the indictment clearly alleges that, Mr. DiPiero attempted to mislead or conceal Mr. Karasarides' income from the IRS when he prepared and caused to be filed a false income tax return for Mr. Karasarides for the tax year 2016, due by April 17, 2017. That return is alleged to have intentionally failed to report all of the income Mr. Karasarides earned from Skilled Shamrock. (ECF # 152, ¶¶21G, 61M). The indictment further alleges that from 2009 to 2018 Mr. DiPiero was aware of how much money Mr. Karasarides earned from Skilled Shamrock; that he aided Mr. Karasarides in concealing this income from the IRS by failing, as an

4

owner of Skilled Shamrock, to report to the IRS that it paid income to Mr. Karasarides; that he arranged to have payments to Mr. Karasarides distributed as cash to conceal the income; and that he destroyed records of profits and cash flow at Skilled Shamrock. (ECF #152, ¶¶5C, 6, 6D, 20A-H, 61B).

These allegations that Mr. DiPiero concealed income, sources of income, and assets of Mr. Karasarides from the IRS, after June 23, 2016, in order to help him avoid paying taxes, are sufficient to state an offense for evasion that is not barred by the statute of limitations.

## CONCLUSION

For the reasons set forth above, the Court finds that Defendant, Mr.DiPietro's Motion to Dismiss Count 8 of the Indictment is not supported by the record or by the applicable law. The motion is, therefore, DENIED. (ECF #200). IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: January 4, 2024

5