UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.: 5:21 CR 259 |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| RONALD DIPIETRO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Ronald DiPietro's Motion to Sever. (ECF #202). The Government filed a Response in Opposition. (ECF #206). No Reply was timely filed. Mr. DiPietro seeks severance from the trial of his codefendants arguing that he is being "unfairly associated with what the Government alleges to be a larger criminal enterprise" involving "acts of which Mr. DiPietro neither had involvement or knowledge."

"There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Joint trials promote judicial economy and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Richardson v. Marsh*, 481 U.S. 200, 209-210 (1987). "This is particularly true where the offenses charged may be established against all of the defendants by the same evidence." *United States v. Robinson*, 707 F.2d 872, 879 (6th Cir. 1983). Although the Federal Rule of Criminal Procedure 14 allows for the severance of defendants or offenses "[i]f the joinder of offenses of defendants in an indictment...appears to prejudice a defendant or the Government, the

court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  A defendant must show more than just a mere possibility of prejudice, however.  *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008) Because of the preference for joint trials, any "potential prejudice to the defendant must be balanced against competing societal goals of efficient and speedy trials."  *United States v. Davis*, 707 F.2d 880, 883 (6th Cir. 1983). Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence."  *Zafiro*, 506 U.S. at 539.  This puts the burden on the defendant to demonstrate "compelling, specific, and actual prejudice" that will be caused if severance is denied. *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005).

      Mr. DiPietro argues that a joint trial will prejudice him because he is not named in 11 of the 26 Counts in the Third Superceding Indictment.  He also claims to be ignorant of many of the facts underlying the charges against his co-defendants.  The indictment alleges illegal conduct by multiple defendants in connection with to their ownership and operation of illegal gambling businesses, and their failure to properly account to the IRS for income made through these businesses.  Even though not every defendant is named in every count, the alleged acts are logically interrelated and the evidence supporting each charge overlaps to such a degree that severance would require significant repetition of work and waste of resources; would require that transactions and other facts be proven multiple times, each time subject to separate defenses; would require the recall of witnesses, and subject them to different attacks by different defense teams; and, consequently, would open the door to the possibility of inconsistent verdicts.

      Any potential prejudice that could arise from the inclusion of counts alleged only against

other co-defendants can be easily and effectively addressed at trial through the use of limiting instructions and other trial management methods. "'The jury must be presumed capable of sorting out the evidence and considering the case of each defendant separately.' The presentation of evidence applicable to more than one defendant is simply a fact of life in multiple defendant cases." *United States v. Causey*, 834 F.2d 1277, 1288 (6th Cir. 1987)(citations omitted). Therefore, severance should be denied "if a jury can properly compartmentalize the evidence as it relates to the appropriate defendants." *Id.* at 1287. This applies equally to Mr. DiPietro's concerns that he would be prejudiced by the trial of the Tampering with a Witness charge levied against Mr. Karasarides. There is no reason to believe that the jury would superimpose evidence presented against Mr. Karasarides alone, onto Mr. DiPietro, especially if the Court cautions against such conduct through jury instructions or other limiting instructions.

Mr. DiPietro also argues that he will be deprived of exculpatory evidence if he is forced to remain joined with his co-defendants for trial. He attached an affidavit to his motion setting forth his "understanding" that his co-defendant, Christos Karasarides Jr., is willing to testify on his behalf, if and only if, the two of them are tried separately. The Sixth Circuit employs a stringent test when addressing the claim that severance is required in order to obtain a co-defendant's exculpatory testimony. In order to support severance on this basis, the defendant must demonstrate: " (1) a bona fide need for the testimony, (2) the substance of the testimony, (3) its exculpatory nature and effect; and (4) that the co-defendant will in fact testify if the cases are severed." *Causey*, 834 F.2d at 1287.

There is no reason to believe, based on Mr. DiPietro's affidavit, that Mr. Karasarides would, in fact, testify on his behalf if the cases were severed. Neither Mr. Karasarides, nor his

3

lawyer have provided any indication that this would be true. Nor did Mr. DiPietro explain how he, himself, came to this "understanding." This affidavit of understanding is insufficient to show that Mr. Karasarides would, in fact, be available as an exculpatory witness if, and only if, Mr. DiPietro's trial is severed from the others. It strains logic to believe, absent an affirmative guarantee, that if Mr. DiPietro were tried first, Mr. Karasarides would be willing to subject himself to cross-examination on matters that would later be relevant at his own trial.

Further, the information that Mr. DiPietro claims Mr. Karasarides would testify to, (such as Mr. Karasarides' continuing involvement with gambling establishments, the income he was legally required to disclose to the IRS, and Mr. DiPietro's knowledge of any income generated by the gambling establishements) could be countered by evidence that would be presented at the trial of Mr. Karasarides and the other co-defendants, which highlights the inter-connectivity of the claims, the inevitability of overlapping evidence between the co-defendants' charges, and the risk of inconsistent verdicts should the defendants be severed.

In this case, joinder serves the goals of judicial economy, convenience of the witnesses, and consistency in the establishment of common facts, which predominate in the case. Mr. DiPietro has not established any compelling, specific, and actual prejudice that would offset the goals advanced by joining the defendants for trial in this case.

For all of the above reasons, Mr. DiPietro's Motion for Severance is DENIED. IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: January 5, 2024