# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| *Plaintiff*, ) | CASE NO.: 5:21CR259 |
| v. ) | |
| ) | JUDGE DONALD C. NUGENT |
| RONALD DIPIETRO ) | |
| ) | |
| *Defendant*. ) | |

## DEFENDANT RONALD DIPIETRO'S
## MOTION FOR RELEASE PENDING SENTENCING

Defendant Ronald DiPietro ("Defendant" or "Mr. DiPietro"), by and through his undersigned counsel, respectfully moves this Court, pursuant to 18 U.S.C. 3143(a), for an Order releasing Mr. DiPietro from incarceration pending the Court's sentencing in this action. A memorandum in support of this Motion follows.

Respectfully submitted,

*/s/ Robert J. Fedor*
**ROBERT J. FEDOR, ESQ., LLC**
Robert J. Fedor (OH #0042653)
Benjamin C. Heidinger (OH #0089379)
23550 Center Ridge Road, Suite 107
Westlake, Ohio 44145
Tel: (440) 250-9709
Fax: (440) 250-9714
rjfedor@fedortax.com
bcheidinger@fedortax.com
*Attorneys for Defendant Ronald DiPietro*

**MEMORANDUM IN SUPPORT**

### INTRODUCTION

Ronald DiPietro was charged with eleven (11) of 26 counts in a Third Superseding Indictment filed on June 29, 2023. (Doc No. 152) Following an eight (8) day trial, Mr. DiPietro was found guilty by a jury on ten of the eleven counts he was charged with. (Doc. No. 278) The Court remanded Mr. DiPietro after the jury's verdict without discussion or argument from counsel regarding Mr. DiPietro's "danger to the safety of any other person or the community if released" or whether he was "likely to flee." (Doc. 273, 79:7-11)

Counsel for Mr. DiPietro contacted his Probation Officer Keysha Myers, who stated that she has no objection to Mr. DiPietro's release pending sentencing in this matter.

Counsel for Mr. DiPietro also contacted the Government which indicated that it objects to the subject motion.

### LAW AND ARGUMENT

**I.  Legal Standard**

Federal law provides that "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence … be detained, *unless* the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released …" 18 U.S.C. § 3143(a)(1) (*emphasis added*). Further, the additional requirements for release pending sentencing which are stated 18 U.S.C. § 3143(a)(2) is not applicable to the present matter because none of the offenses described in 18 U.S.C. § 3142(f)(1) were charged here.

The clear and convincing standard for a convicted defendant to obtain a release pending sentencing under 18 U.S.C. § 3143 is the same standard the Court reviews during the pretrial

2

detention stage. *See United States v. Catala Fonfrias*, 612 F.Supp. 999, 1001 (D.P.R. July 2, 1985).

**II.     The Court Should Release Mr. DiPietro Pending Sentencing in this Matter.**

A. <u>Mr. DiPietro is not a Flight Risk</u>

Mr. DiPietro submits that during pretrial supervision, he was fully compliant with all conditions of his release, and he took those requirements very seriously. Moreover, he was an exemplary client for Pre-Trial Services and was never thought to be a flight risk. In fact, Mr. DiPietro's Probation Officer Keysha Myers was so confident that he was not a flight risk that she would have permitted Mr. DiPietro a temporary return of his passport so that he could travel internationally only a month before his trial was to begin. (Doc. No. 178)

Furthermore, at the outset of this matter, the Court determined that Mr. DiPietro's attendance for all court proceedings could be ensured with an unsecured bond. (Doc. No. 25) Mr. DiPietro attended every court appearance required of him and always informed Pre-Trial Services of any travel that was outside of the District as required by his conditions of release.

Lastly, Courts have determined that a defendant "released on bond over the course of the proceedings in this matter (a period of several years), was permitted to leave the jurisdiction, and yet appeared at every scheduled court date" supported the finding that he was not likely to flee. *United States v. Price*, 611 F.Supp. 502, 503 (S.D. Fla. May 31, 1985). Accordingly, Mr. DiPietro submits that there is more than enough evidence to overcome the clear and convincing burden that he is not a flight risk.

B. <u>Mr. DiPietro is not a Danger to the Community or Others.</u>

The charges against Mr. DiPietro in this matter do not contain any allegations of violence, nor was there any evidence at trial that would suggest that Mr. DiPietro is a violent man and would therefore pose a danger to the community or others. (Doc. Nos. 152, 250, 253, 254, 255, 263, 265,

3

268, 270, 273) In *United States v. Henson*, the Court determined that because the defendants were not convicted of violent crimes (e.g. conspiracy to commit mail fraud and several counts of causing to be given false odometer statements) and the Government could not provide any evidence to support its "tenuous argument" that defendants were a danger to the community, there was clear and convincing evidence that defendants did not pose a danger to the community. *See United States v. Henson*, 663 F.Supp. 1112, 1113 (W.D. KY July 13, 2987). Accordingly, Mr. DiPietro submits that there is more than enough evidence to overcome the clear and convincing burden that he does not pose a danger to the community or others.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Mr. DiPietro respectfully requests that he be released from detention pending sentencing in this matter which is currently scheduled for May 1, 2024 at 10:30 a.m. Alternatively, Mr. DiPietro requests that the Court hold an evidentiary hearing on this matter.

Dated: February 6, 2024            Respectfully submitted,

*/s/ Robert J. Fedor*
**ROBERT J. FEDOR, ESQ., LLC**
Robert J. Fedor (OH #0042653)
Benjamin C. Heidinger (OH #0089379)
23550 Center Ridge Road, Suite 107
Westlake, Ohio 44145
Tel: (440) 250-9709
Fax: (440) 250-9714
rjfedor@fedortax.com
bcheidinger@fedortax.com
*Attorneys for Defendant Ronald DiPietro*

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System which will send a notification of such filing to all named parties.

> */s/ Robert J. Fedor*
> **ROBERT J. FEDOR, ESQ., LLC**
> Robert J. Fedor (OH #0042653)
> Benjamin C. Heidinger (OH #0089379)
> 23550 Center Ridge Road, Suite 107
> Westlake, Ohio 44145
> Tel: (440) 250-9709
> Fax: (440) 250-9714
> rjfedor@fedortax.com
> bcheidinger@fedortax.com
> *Attorneys for Defendant Ronald DiPietro*