UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.: 5:21 CR 259 |
| | ) | |
| vs. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| | ) | |
| RONALD DIPIETRO, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the Court on Defendant, Ronald DiPietro's for Judgment of Acquittal. (ECF #292). The Government filed a Response in Opposition to the Motion. (ECF #293). On January 24, 2024, pursuant to Fed. R. Crim. Pro. 29, Mr. DiPietro moved for a partial judgment of acquittal at the close of the Government's case. (ECF #268). The Court denied the motion. (ECF #268). Mr. DiPietro renewed his motion the next day, after the completion of all the evidence, and it was, again, denied. (ECF #270). On January 26, 2024, the jury found Mr. DiPietro guilty of Counts 1-3, 8, 13, and 15-18. They found him not guilty of Count 14. He was not named in the remaining counts of the Indictment. He now seeks a Judgment of Acquittal on Counts Two and Eight of the Third Superceding Indictment. (ECF #292). The motion is timely filed under Fed. R. Crim. Pro. 29(c)(1).

    A Rule 29 motion for judgment of acquittal provides that "[a]fter the government closes

its evidence or after the close of all evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." A court may not grant an acquittal if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." See *United States v. Garrido*, 467 F.3d 971, 984 (6th Cir. 2006)(citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)(emphasis in the original)). A court may properly conclude that a conviction is supported by sufficient evidence even if the government has only presented circumstantial evidence, and even though such evidence does not exclude every reasonable hypothesis except that of guilt. *See, United States v. Clay*, 346 F.3d 173, 176 (6th Cir. 2003). Evidence is sufficient if it is "more than a scintilla." *United States v. Martin*, 375 F.2d 956, 957 (6th Cir. 1967). It must be "such relevant evidence at a reasonable mind might accept to support a conclusion. It is evidence affording a substantial basis of fact from which the fact in issue can be reasonably inferred." *Id.*

Mr. DiPietro challenges the jury verdicts on Count 2 and Count 8 of the Third Superceding Indictment. Count 2 charges him with Conspiracy to Defraud the United States, alleging the he conspired "to defraud the United States by impeding, impairing, obstructing, and/or defeating the lawful functioning of the IRS in the ascertainment, computation, assessment and collection of the annual federal income taxes of Christos Karasarides, Jr., Jason Kachner, and Rebecca Kachner, and the federal income and payroll taxes associated with the ownership and operation of the IGB known as Skilled Shamrock. (ECF #152, 268 PageID 4119-4123). The elements of the conspiracy charged are that (1) two or more persons conspired, or agreed to defraud the United States or one or more of its agencies or departments by dishonest means; (2)

2

the defendant knowingly and voluntarily joined the conspiracy; and, (3) a member of the conspiracy did an overt act for the purpose of advancing or helping the conspiracy. (ECF #268, PageID 4221); *See also, United States v. Khalife*, 106 F.3d 1300, 1303 (6th Cir. May 9, 1996).

Count 8 of the Third Superceding Indictment charged Mr. DiPietro with willfully attempting "to evade and defeat any tax imposed by this title, or the payment thereof." 26 U.S.C. §7201. The elements of this crime are: (1) a substantial income tax was due from the defendant Christos Karasarides, Jr.; (2) Mr. Dipietro attempted to evade or defeat payment of this tax; and, (3) in doing so, Mr. DiPietro acted willfully. (ECF # 268, PageID 4230); *See also, Sansone v. United States*, 380 U.S. 343, 351 (1964).

During the course of the trial, there was evidence presented on each element of Count 2 and each element of Count 8, that, if believed, was sufficient to prove Mr. DiPiero's guilt. After viewing all of the evidence at trial in the light most favorable to the prosecution, a rational trier of fact could have found, and, in fact, did find the essential elements of both crimes beyond a reasonable doubt.

For the reasons set forth above, the Court finds that Defendant, Mr.DiPietro's Motion for Aquittal on Counts 2 and 8, is not supported by the record or by the applicable law. The motion is, therefore, DENIED. (ECF #292). IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: February 26, 2024