IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: 1:21CR259 |
| | ) |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| | ) |
| v. | ) |
| | ) |
| RONALD A. DIPIETRO, | ) RESTRAINING ORDER |
| | ) |
| Defendant. | ) |

WHEREAS on January 26, 2024, Defendant was found guilty of two counts of conspiracy to commit offense or to defraud the United States (18 U.S.C. § 371), one count of violating the prohibition on operating illegal gambling businesses (18 U.S.C. § 1955), one count of attempting to evade or defeat tax (26 U.S.C. § 7201), and five counts of aiding or assisting in the preparation of false tax returns (26 U.S.C. § 7206(2)); and

WHEREAS Defendant's sentencing hearing is currently scheduled for May 1, 2024; and

WHEREAS it is the Court's intent that Defendant pay full restitution and that his assets be preserved for this purpose;

IT IS HEREBY ORDERED that Defendant Ronald A. DiPietro, his spouse, representatives, attorneys, agents, family members, nominees, limited liability companies, assigns, and any other person or entity acting for or in concert with Defendant, hereinafter described as "Restrained Parties," shall fully comply with the terms of this Order and shall not take any action prohibited by this Order; and,

IT IS FURTHER ORDERED that compliance with the terms of this Order requires that the Restrained Parties shall not engage in the following:

a. Directly or indirectly alienate, dissipate, transfer, sell, assign, lease, pledge, encumber, or dispose in any manner of any property[1] belonging to Defendant with a value greater than $1,000 without prior approval of the Government or this Court, including but not limited to withdrawing funds from Defendant's bank accounts; securities; life insurance policies; selling or encumbering Defendant's real property;

b. Take, or cause to be taken, any action which could have the effect of concealing or moving property from the jurisdiction of this Court; or

c. Take or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of any property whether real or personal, except for payment of normal monthly living expenses from already liquid accounts.

"Normal Monthly Living Expenses" is defined as those expenses that are necessary to provide for Defendant's, his spouse's, or his immediate family member's health, welfare, and/or production of income to include housing and utilities; food; housekeeping supplies; apparel; personal care products; necessary out-of-pocket health care expenses such as medical services, prescription drugs, and medical supplies; and transportation.

This Order shall remain in full force and effect until Defendant has satisfied the restitution obligation ordered by this Court in the above-styled case or until further order of this Court.

**IT IS SO ORDERED.**

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[1] "Property" includes any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts)). See 28 U.S.C. § 3002(12).

With respect to any property that Defendant has an interest in, the definition shall include such property whether owned individually, as joint tenants, as joint tenants with rights of survivorship, as community property, as property held as tenants by the entirety, or any other form of ownership.