# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 5:21 CR 259 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| RONALD DIPIETRO, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Defendant. ) | |

This matter comes before the Court upon Robert J. Fedor's Motion to Vacate Order Releasing IOLTA Funds to Clerk To Apply to Restitution. (ECF #395). Mr. Fedor was the attorney for Ronald DiPietro, and is claiming to have an interest in the IOLTA account funds. The government filed a brief in opposition. (ECF #396). Mr. Fedor did not file a timely reply brief. Neither the Defendant, Mr. PiPietro nor his current counsel have objected to the transfer of the IOLTA funds to the Clerk of Court for payment of his restitution debt. For the reasons set forth below, Mr. Fedor's Motion to Vacate is DENIED.

Mr. Fedor seeks to have the June 17, 2024 Order releasing IOLTA funds because he claims to have an interest in the funds and he did not receive notice of the motion or Order releasing the funds. He also claims that the funds are not subject to forfeiture. These arguments do not support vacating the IOLTA funds release order. While it is true that Mr. Fedor has a legitimate claim for unpaid fees associated with legal work that he provided to Mr. DiPietro, that claim has no direct attachment to the remitted IOLTA funds. Further, even if Mr. Fedor had a

specific interest in the IOLTA funds, his interest does not predate or otherwise supercede the Government's lien on those funds. The Judgment against Mr. DiPietro constitutes a "lien in favor of the United States on all property and rights to property" of the Defendant. 18 U.S.C. §3613(c). The United States perfected that lien on July 22, 2024, by recording the judgment lien in Stark and Summit Counties, in accordance with Ohio law. The lien was recorded, and thereby perfected, two days before Mr. Fedor asserted his interest in the funds by filing his Motion to Vacate. (ECF #395). Therefore, the Government's interest in collecting on the restitution judgment takes priority over any interest Mr. Fedor may have in the IOLTA funds.

The Government's Motion seeking release of the funds, as well as the Court's Order granting that motion were both available to Mr. Fedor on the public docket. When Mr. Fedor provided his accounting of the IOLTA funds, he confirmed that he would hold the funds pending a further Court order. He did not express to the Court or to the Government that he intended to assert an interest in the funds. He also failed to contact the Government or the Court to inquire when a determination could be expected, failed to create a docket alert that would notify him of any related filings, and failed to check the Court docket for over a month to track any filings related to the IOLTA funds. Having failed to take any affirmative steps to assert or protect his alleged interest in the funds, or to take any steps to remain informed of the related proceedings, of which he was aware, he cannot not complain that he was deprived of the opportunity to assert an interest in these funds.

Finally, Mr. Fedor argues that it is improper to release the funds to the Government because the jury found that they are not subject to forfeiture. This argument is irrelevant because the Government did not seize the funds under a forfeiture order. Rather, the funds were applied

to his restitution order. Indeed, the jury did not determine that the IOLTA funds were derived from, used in, or traceable to Mr. DiPietro's criminal violations, which would have subjected to forfeiture under 18 U.S.C. §981. However, the funds are Mr. DiPietro's property and are, therefore, subject to the Government's lien on all Defendant's property. The lien is properly enforced to satisfy the restitution order, which is based on the victim's loss and is legally and factually distinct from any order of forfeiture.

For the reasons set forth above, Mr. Fedor does not have a interest in the IOLTA funds that would take priority over the Government's lien on that property. The Government's lien was properly applied to release the IOLTA fund to be applied towards Mr. DiPietro's restitution debt. Therefore, the Motion to Vacate the release order is DENIED.

*[signature]*
DONALD C. NUGENT
United States District Judge

DATED: August 26, 2024